IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CR3020 |
| | ) | |
| v. | ) | |
| | ) | |
| ZACHARY EATON, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Pending before the court is the defendant's motion for release to long-term residential drug treatment, and an accompanying motion seeking a continuance of his sentencing, now set for August 31, 2007, to accommodate such treatment. At my direction a mental health assessment was conducted after defendant requested reconsideration of my prior order denying his request for treatment. I have carefully and thoroughly considered the report from that evaluation, as well as the other information available to the court from the pretrial services report and the prior report from a substance abuse evaluation. The psychological evaluation report includes a diagnosis of "Adjustment Disorder with Anxiety" and "Rule Out Antisocial Personality Disorder."

    Defendant has three prior episodes of residential treatment, all unsuccessful. He has several felony convictions. He has entered a guilty plea to the present charge, and, although that plea has not yet been accepted, there has not been filed any objection to the recommendation that the plea be accepted. Thus, there is no apparent reason the defendant would not be precluded from release by 18 U.S.C. 3143, once his guilty plea is accepted. That section requires that a person who has been "found guilty"

of a crime for which the maximum term of imprisonment is ten years or more under the Controlled Substances Act, 21 U.S.C. 801, *et seq.*, or for which the maximum sentence is life imprisonment, be detained, unless certain conditions exist, none of which has been shown to be applicable in this case.

There is nothing before the court indicating that the defendant will not be sentenced to a period of incarceration. Nor is there anything indicating the defendant is not an eligible candidate for treatment through the Bureau of Prisons once he is in its custody.  His past record of using soon after completing inpatient treatment demonstrates that his release to treatment now will likely pose a serious risk to the safety of the community in the form of his continued use of methamphetamine. It is better that he receive treatment in a controlled environment.

IT THEREFORE HEREBY IS ORDERED,

1.  The motion for screening and release to residential treatment, filing 15, upon reconsideration, is denied.

2.  The motion for continuance of the sentencing, filing 31, is denied.

DATED this 5th day of July, 2007.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

2